# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KACIE M. BREEN,** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| VS. | | NO.2:22-cv-03962 |
| | * | |
| **AARON D. KNAPP,** | * | |
| **SEAN BREEN,** | * | **SEC.      MAG.** |
| **& LOUISIANA FIRST** | * | |
| **CIRCUIT COURT OF** | * | |
| **APPEAL,** | * | |
| *Defendants* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER & INJUNCTION

Comes now, through the undersigned counsel, Plaintiff Kacie M. Breen, respectfully showing as follows, pursuant to Rule 65, F.R.C.P.:

### I. PARTIES

1) Plaintiff Kacie M. Breen is an adult citizen of the State of Mississippi.

2) Defendant Aaron D. Knapp is an adult citizen of the State of Louisiana, residing in St. Tammany Parish within this District.

3) Defendant Sean Breen is an adult citizen of the State of Louisiana, residing in St. Tammany Parish.

4) Defendant Louisiana First Circuit Court of Appeal is a Louisiana intermediate appellate court established under the Louisiana constitution and statutes to exercise appellate jurisdiction over civil and criminal appeals emanating from, *inter alia*, the 22nd Judicial District Court for the Parish of St. Tammany. The court sits in Baton Rouge.

## II. JURISDICTION

5) This Court has jurisdiction over this proceeding and these Defendants pursuant to the "relitigation exception" of the *Anti-Injunction Act*, 28 U.S.C.A. § 2283, which provides that, "*A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or <u>where necessary in aid of its jurisdiction, or to protect or effectuate its judgment</u>* [emphasis added]."

6) *In New York Life Insurance Company v. Gillispie*, 203 F.3d 384, 387-388 (5th Cir. 2000), the Fifth Circuit held in a case presenting precisely the same issue as presented in this Complaint:

Although the Anti–Injunction Act generally denies federal courts the power to "grant an injunction to stay proceedings in a State court," it provides that a federal court may enjoin state court proceedings "to protect or effectuate its judgments." This exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." We apply a four-part test to determine whether the exception is applicable:

> First, the parties in a later action must be identical to (or at least in privity with) the parties in a prior action. Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction. Third, the prior action must have concluded with a final judgment on the merits. Fourth, the same claim or cause of action must be involved in both suits[1].

The only issue before us today is whether Mrs. Gillispie's 1997 state suit presents "the same claim or cause of action" as did her 1995 federal suit.

The parties have manifestly different views concerning the issues presented by Mrs. Gillispie's two lawsuits. New York Life contends that the two suits present the same issue: Whether Ronald Gillespie died as the result of a suicide or as the result of an accident. Mrs. Gillispie, on the other hand, contends that the *first* lawsuit merely determined whether New York Life had a contractual duty to pay based on *then-available evidence,* whereas the purpose of the *second* lawsuit is to have the courts determine whether New York Life has a

---

[1] Citing *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

contractual duty to pay based on *now-available evidence,* central to which is the amended death certificate.

The district court erred in adopting Mrs. Gillispie's view of the case. We use a transactional test to determine whether two claims involve the same cause of action, under which the critical question is "not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." In evaluating the res judicata effect of a prior claim on a subsequent one, the transactional test does not inquire whether the same *evidence* has been presented in support of the two claims, but rather asks *whether the same key facts are at issue in both of them.* In both of Mrs. Gillispie's claims, there is only one key fact that is relevant: Whether Ronald Gillispie died as the result of a suicide or as the result of an accident. The 1995 federal suit resulted in a summary judgment determination that "[a]ll evidence points to the decedent's death as a suicide." Mrs. Gillispie can only win her 1997 state suit by convincing the state court that the 1995 federal judgment was in error. This is precisely the type of claim that is barred by the doctrine of res judicata, and that in turn is precisely the type of situation that the relitigation exception to the Anti–Injunction Act is intended to cover [internal footnotes omitted].

It is true, as Mrs. Gillispie points out, that the federal court did not determine in 1995 whether New York Life breached its contract by refusing to pay once the court-amended death certificate showing death to be accidental was submitted. Indeed, the court could not have made such a determination because the amended death certificate did not exist in 1995. But Mrs. Gillispie is wrong in her contention that the federal judgment in 1995 merely determined that New York Life did not owe an obligation to Mrs. Gillispie *on the basis of then-*

*existing evidence,* leaving open to question whether New York Life might in the future come to owe an obligation to Mrs. Gillispie should new evidence emerge. New York Life's contractual obligation to Mrs. Gillispie is not a transient thing, dependent on kaleidoscopic evidence and subject to relitigation each time a new or revised fact emerges. Rather, New York Life's contractual obligation is a fixed and determinate thing, and is dependent only on the actual events surrounding Ronald Gillispie's death.

The 1995 federal judgment determined that Ronald Gillispie's death was the result of a suicide. If the federal court's decision were based on faulty evidence, Mrs. Gillispie's proper course of action was to invoke *Rule 60 of the Federal Rules of Civil Procedure*, which allows for the setting aside of a judgment on the basis of newly discovered evidence. Merely filing a new claim in a different forum offends the doctrine of res judicata.

As this case clearly falls within the boundaries of the relitigation exception to the Anti–Injunction Act, we reverse the judgment of the district court and remand the case to the district court (1) for issuance of an injunction enjoining Mrs. Gillispie from further prosecuting her state court action against New York Life and (2) for any further proceedings that are necessary, consistent with this opinion [internal footnotes omitted].

7) Injunctions against state court proceedings have been issued under the "relitigation exception" in other similar cases involving *res judicata* emanating from federal court insurance policy litigation. *See, e.g., Moore v. State Farm Fire & Casualty Co.,* 556 F.3d 264 (5th Cir.

2009); *Liberty Mut. Ins. Co. v. Gunderson*, 387 Fed. Appx. 480 (5th Cir. 2010); *Louisiana Health Service & Indemnity Co. v. Center for Restorative Breast Surgery, LLC.*, 17-CV-4171 (D.C.E.D. La. 5/23/17), 2017 WL 2256765; *Prime Insurance Syndicate, Inc. v. Orleans Limousines and Transportation, Inc.*, 07-CV-604 (D.C.E.D. La. 3/23/07), 2007 WL 914177. *See also Juris v. Inamed Corp.*, 685 F.3d 1294, 1338-1341 (11th Cir. 2012); *California v. Randtron*, 284 F.3d 969 (9th Cir. 2002).

## III. FACTS

8) On March 1, 2015, Kacie Breen shot and killed her husband, Dr. Wayne Breen, in their St. Tammany Parish home. She was never arrested or criminally charged, as the law enforcement investigation determined that she acted in self-defense. The two insurance companies holding policies on Dr. Breen's life commenced interpleader actions in this Court to determine to whom the insurance proceeds would be paid, *i.e.*, Kacie Breen or Dr. Breen's adult children. The two cases were consolidated as *Pruco Life Insurance Company v. Kacie Breen and the Estate of Wayne Edmond Breen*, Civil Actions Nos. 15-3250 c/w 15-6946, Sec. N (3) ("*Pruco* case"). Fighting Kacie Breen for the life insurance

proceeds were Wayne Breen's five (5) children from his prior marriage and the administrator of his estate.

9) The central issue in the interpleader litigation was whether Kacie Breen "*participated in the intentional, unjustified killing of Dr. Breen.*" After extensive litigation culminating in a March 20-21, 2017, bench trial, on June 9, 2017, District Judge Kurt Engelhardt issued a 38-page Order and Reasons[2] awarding Kacie Breen the insurance money, finding by a preponderance of the evidence that she justifiably killed her husband in an act of lawful self-defense [Ex. A], followed by a June 23, 2017, final judgment to that effect [Ex. B]. On August 15, 2018, the Fifth Circuit Court of Appeals in No. 17-30591[3], affirmed Judge Engelhardt's judgment, therein adopting his June 9, 2017, findings [Ex. C]. On September 20, 2018, District Judge Vance denied the Rule 60 motion for relief from judgment filed by Sean Breen, one of the adult Breen children [Ex. D], and likewise on May 11, 2019, denied his motion for reconsideration of the Rule 60 motion denial [Ex. E].

---

[2] Reported at 289 F. Supp. 3d 777.
[3] Reported at 743 Fed. Appx. 302.

10) Defendant Aaron D. Knapp is another of Dr. Wayne Breen's adult children, but from a different mother than the other five adult Breen children. On February 6, 2017, one month before the trial, he moved to intervene in the *Pruco* interpleader case [Ex. F]. On February 21, 2017, Magistrate Judge Knowles denied Knapp's intervention motion as untimely [Ex. G], but also importantly found that Wayne Breen's other children "*will adequately represent his interest.*" Although the Order "*reserves the right to Knapp to appeal to the District Court under the federal rules and the local rules of this court,*" Knapp never appealed.

11) Now Defendants Sean Breen and Aaron Knapp are pursuing litigation in the Louisiana state courts seeking to undermine and essentially annul this Court's determine that Kacie Breen killed Wayne Breen in a justified act of lawful self-defense. The state court cases at issue are:

> A. *Sean Breen v. Kacie Breen, et al*, No. 2015-11809 & 2015-13096 (the "wrongful death case"), 22nd Judicial District Court, St. Tammany Parish. In this case, the state trial court dismissed Sean Breen and Aaron Knapp's wrongful death suits against Kacie Breen on the basis of *res judicata*

emanating from this court's *Pruco* case decision. Sean Breen and Aaron Knapp have appealed to the Louisiana First Circuit Court of Appeal, Docket No. 2021-CA-1583 & 2021-CA-1585.

B. *Doctors for Women, L.L.C., et al v. Breen*, Nos. 2015-12925 & 2015-30176, 22nd Judicial District Court, St. Tammany Parish (the "pension plan case"). In this case, the state trial court likewise dismissed Sean Breen and Aaron Knapp's claims to Dr. Breen's pension/ profit sharing funds on the basis of *res judicata* emanating from this court's *Pruco* case decision. Sean Breen and Aaron Knapp have appealed to the Louisiana First Circuit Court of Appeal, Docket Nos. 2021-CA-0806 & 2021-CA-0807.

12) Oral arguments in both cases on appeal are being heard by the First Circuit Court of Appeal on October 19, 2022.

13) Clearly, it is the intent of Aaron Knapp and Sean Breen in their appeals to coerce a large settlement from Kacie Breen to avoid her having to endure expensive and time-consuming relitigation of her justified act of lawful self-defense [Ex. H]. Such costly continuous ongoing litigation

after having already prevailed on the same issues in a two-year proceeding in this Court will result in immediate and irreparable loss to Plaintiff Kacie Breen before the Defendants can be heard in opposition. The October 19, 2022, oral argument in the two appeals is before a five-judge panel of the First Circuit Court of Appeal, indicating more than the possibility of that court ignoring this Court's decision in *Pruco*, as predicted by Aaron Knapp's counsel [Ex. H]

14) Attached are the briefs filed by Defendants Sean Breen and Aaron Knapp in the two appeals unquestionably showing their efforts to undermine and annul this Court's final ruling in Kacie Breen's favor in the *Pruco* case:

      A. Aaron Knapp's brief in the "pension plan case" [Ex. I].

      B. Sean Breen's brief in the "pension plan case" [Ex. J].

      C. Aaron Knapp's brief in the "wrongful death case" [Ex. K].

      D. Sean Breen's brief in the "wrongful death case" [Ex. L].

15) This Court has already ruled during the course of the Pruco litigation that Aaron Knapp's interest was adequately protected by his five (5) siblings who were already parties to the suit [Exs. F & G]. Aaron

Knapp and the five adult Breen children, together with the Estate of Wayne Breen, all fervently fought to convince Judge Engelhardt that Kacie Breen unlawfully murdered her husband--- <u>but they lost</u>! Aaron Knapp's presence in the courtroom would have made no difference. Such alignment of indistinguishable interests constitutes "privity" so as to bind Aaron Knapp under *res judicata* to the federal courts' *Pruco* determination and the issuance of this injunction. *See Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84, 94-96 (5th Cir. 1977). Notably, their attached briefs likewise reveal stark convergence of their interests.

16) Plaintiff's counsel's affidavit in support of this Complaint is attached [Ex. M], and the undersigned counsel certifies that notice of the filing of this Complaint was served on Defendants Aaron Knapp, Sean Breen, and the First Circuit Court of Appeal by email and fax this October 17, 2022:

> A. Antonio Lemon, Esq., Counsel for Aaron Knapp: llemonlawyer@aol.com.
>
> B. Sean Breen, *pro se*: seanm26@live.com.

C. First Circuit Court of Appeal: Fax to (225) 382-3010.

## IV. RELIEF SOUGHT

Wherefore, Plaintiff Kacie M. Breen respectfully prays that the Court issue an immediate temporary restraining order A) prohibiting Defendants Aaron Knapp and Sean Breen from engaging in any Louisiana state court litigation seeking an adjudication that Kacie M. Breen did not kill her husband in a justified act of lawful self-defense, contrary to this Court's final judgment in the *Pruco* case, and B) prohibiting Defendant Louisiana Court of Appeal for the First Circuit from entering any judgment allowing for the relitigation in the 22nd Judicial District Court for St. Tammany Parish in Case Nos. 2015-11809, 2015-13096, 2015-12925, and 2015-30176 of whether Kacie M. Breen killed her husband in a justified act of lawful self-defense, contrary to this Court's final judgment in the *Pruco* case.

It is further prayed that, in due course, the temporary restraining order be made permanent.

Respectfully submitted,

/s/ *Richard Ducote*

_____
Richard Ducote (La. 5111)
Counsel for Plaintiff Kacie M. Breen
318 East Boston Street, Fl.2
Covington, LA 70433
(985) 898-2755
(985) 898-2754 Fax
rducote@ducotelaw.com