## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KACIE M. BREEN**                                                            **CIVIL ACTION**

**VERSUS**                                                                              **No. 22-3962**

**AARON KNAPP, ET AL.**                                                    **SECTION I**

## ORDER & REASONS

Before the Court is a motion[1] to dismiss for improper service by defendant Aaron Knapp ("Knapp"). Plaintiff Kacie Breen ("Breen") opposes the motion.[2] For the reasons below, the Court denies the motion.

### I.      FACTUAL BACKGROUND

The Court previously set forth the factual background giving rise to this matter in its order and reasons[3] denying Breen's motion for a temporary restraining order ("TRO"). In short, Breen asks this Court to enjoin ongoing proceedings in Louisiana state court because, she alleges, those proceedings involve re-litigation of an issue previously decided in a federal case decided in this district. Specifically, she alleges that a state-court concursus action to determine who is entitled to the pension funds of her late husband and a wrongful death case related to her husband's death attempt to relitigate the issue of whether she unjustifiably killed her husband in 2015.

---

[1] R. Doc. No. 41.
[2] R. Doc. No. 42.
[3] R. Doc. No. 22.

Breen filed the instant action on October 17, 2022, asking this Court for a TRO enjoining the state-court actions.[4] Though Breen named three defendants—Sean Breen, Knapp, and the Louisiana First Circuit Court of Appeal ("First Circuit")—only Knapp appeared, through counsel, to oppose the TRO.[5] The Court denied the TRO on November 11, 2022.[6]

Thereafter, no action was taken in this case until February 7, 2023, when the Court placed the matter on the call docket because no evidence of service had been filed as to any of the defendants.[7] Pursuant to the docket call, Breen's counsel appeared before this Court on February 28, 2023.[8] Breen's counsel agreed to dismiss the claims against defendant Sean Breen without prejudice, and was ordered to place evidence of proper service as to the remaining defendants into the record no later than March 14, 2023.[9] Evidence of service as to Knapp was entered into the record on that day.[10] In the instant motion, Knapp asserts that the service on him was ineffective.

## II.    LAW & ANALYSIS

Knapp asserts that Breen's claims against him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). Knapp asserts that Breen attempted to

---

[4] *See* R. Doc. No. 1.
[5] R. Doc. No. 10 (motion to enroll counsel on behalf of Knapp).
[6] R. Doc. No. 22.
[7] R. Doc. No. 23.
[8] R. Doc. No. 27.
[9] *Id.*
[10] R. Doc. No. 34. The Louisiana First Circuit Court of Appeal was also served in accordance with the Court's order and has appeared in this action.

serve Knapp through his counsel, who is not authorized to accept service of process on Knapp's behalf.[11] In response, Breen argues Knapp waived the defense of insufficient service of process by appearing, through counsel, in this action in order to oppose the TRO.[12]

Pursuant to Rule 12(b)(5), a defendant may move to dismiss a complaint if the plaintiff failed to comply with laws governing service of process. Absent proper service or waiver thereof, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* Courts have broad discretion when ruling on motions to dismiss for insufficient service of process. *Henderson v. Republic of Texas*, 672 Fed. App'x 383, 384 (5th Cir. 2016) (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam)).

Pursuant to Rule 4(e), service of a summons on an individual may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by "delivering a copy of the summons and of the complaint to the individual

---

[11] Knapp discusses the process server's conduct at length, alleging that she trespassed at Knapp's counsel's office, that Knapp's counsel called the sheriff's office, and that, after a sheriff's deputy arrived, the process server "approach[ed] rapidly behind the deputy, crouch[ed], and thr[e]w the roughly 3 pound stack of paper in the door" of the office. R. Doc. No. 41-1, at 2–3. The conduct of the process server is not particularly relevant to the instant motion, as the only questions before the Court are (1) whether service on Knapp via his counsel was effective, and (2) whether Knapp waived the 12(b)(5) defense when he appeared in this action to oppose the TRO.
[12] R. Doc. No. 42, at 3–4.

personally," by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Louisiana law provides that "[s]ervice of citation or other process may be either personal or domiciliary[.]" La. Code Civ. P. art. 1231. "[S]ervice on counsel of record is permitted only on pleadings subsequent to the original petition." *Jones v. Jones*, 721 So.2d 540, 541 (Ct. App. La. 1998). Therefore, neither federal law nor Louisiana law allows for service of process on a party's attorney, unless the attorney has been appointed to receive such service of process. Accordingly, Breen's attempt to serve Knapp's counsel of record was ineffective.[13] However, Breen argues that Knapp waived the 12(b)(5) defense by appearing, through counsel of record, to oppose the TRO.

Rule 12(h)(1) provides that a party waives a 12(b)(5) defense if it does not raise that defense in a Rule 12 motion or include it in a responsive pleading. "A defendant may also waive his objection by failing to assert the objection with his first general

---

[13] Breen argues that the service made on Knapp's counsel was effective because "the Court should not countenance a party's game of 'hot potato' with documents to be served on him." *Id.* at 4. However, Breen has presented no evidence that Knapp is attempting to evade or otherwise refuse service. *See Republic Credit Corp. I v. Rance*, 172 F. Supp. 2d 1178, 1181 (S.D. Iowa 2001) (rejecting defendant's argument that service of process was insufficient when the evidence showed that the defendant "was personally informed of the service" but "went into [his] [r]esidence without talking, [and] left [the papers] on the front door"); *Action Adjustment Serv., Inc. v. Heenan*, No. 20-2032, 2021 WL 3015412, at *7 (E.D. Pa. June 2, 2021) (noting that defendant refused to open the door for the process server).

appearance." *Holder v. Gruenbeck*, No. 20-875, 2021 WL 933317, at *1 (W.D. La. Mar. 9, 2021) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002)). "A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). "[I]n determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Id.* (quotation and citation omitted). The court must therefore "identify the conduct alleged to have constituted a general appearance and determine whether it demonstrates the requisite 'affirmative action.'" *Id.*

A similar factual circumstance to that at issue here was addressed in *Craters & Freighters v. Daisychain Enters.*, No. 09-4531, 2010 WL 761310 (N.D. Cal. Mar. 2, 2010). In that case, plaintiff filed proof of service for defendants and shortly thereafter filed an *ex parte* motion for a TRO. *Id.* at *1. The court denied the TRO and scheduled a hearing on a preliminary injunction. *Id.* Defendants' counsel appeared on their behalf at the preliminary injunction hearing, stated that "[d]efendants had recently received [p]laintiff's process concerning the preliminary injunction," and "proceeded to argue the merits of [p]laintiff's action" as to the preliminary injunction. *Id.* Defendants subsequently dismissed their attorney and, proceeding *pro se*, filed an opposition to the motion for a preliminary injunction wherein "[t]hey asserted that they were reserving their defense of improper service." *Id.* at *2. Defendants subsequently filed a motion to dismiss based on insufficient service of process. *Id.* Plaintiff asserted that the defendants had waived that defense. *Id.* The court agreed,

finding that under both federal and California law,[14] a party making a general appearance "forfeit[s] [the] defense of insufficient service of process." *Id.* at *3. *Compare Holder*, 2021 WL 933317, at *1 (finding that participating in a non-substantive conference call, the purpose of which was to "attempt[ ] to schedule a preliminary injunction hearing" was not a general appearance and therefore did not result in waiver of a jurisdictional objection).

Louisiana law likewise provides that a party making a general appearance waives later objections based on insufficient service of process. *Patterson v. Charles*, 282 So.3d 1075, 1094 (Ct. App. La. 2019) ("Charles appeared for the hearing on the protective order and testified. At no point during the hearing did she object to the improper service of process. Accordingly, Charles waived her right to challenge the sufficiency of service and is precluded from raising it on appeal."); *W.L. Wyman Constr. Co., Inc. v. Sewerage & Water Bd. of New Orleans*, 350 So.3d 927, 922 n.5 (Ct. App. La. 2022) ("A party who fails to file an exception of insufficient service and appears waives the right to object to improper service.").

In this matter, Knapp's counsel filed a motion to enroll after Breen filed the motion for a TRO, despite the fact that Knapp had apparently not been served with the summons or complaint.[15] The motion to enroll counsel makes no mention of any

---

[14] The court noted that California law "applies to issues concerning service in federal court under Federal Rule of Civil Procedure 4(e)(1)[.]" *Craters & Freighters*, 2010 WL 761310, at *3.

[15] The record shows that a summons was issued as to Knapp on October 18, 2022, R. Doc. No. 12, but Breen never entered anything into the record indicating that Knapp was in fact served, which resulted in the case being placed on the call docket.

lack of service.[16] Knapp proceeded to participate in a telephone conference[17] and file two briefs regarding the merits of the TRO, and never raised the issue of lack of service.[18] Knapp therefore participated substantively in this matter and "invoke[d] the judgment of the court on [a] question other than jurisdiction," without making an objection to insufficient service of process. *Maiz*, 311 F.3d at 340; *Holder*, 2021 WL 933317, at *1; *Patterson*, 282 So.3d at 1094. The Court therefore concludes that, pursuant to both Louisiana and federal law, Knapp has waived the objection, and his motion should be denied.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Knapp's motion[19] is **DENIED**.

New Orleans, Louisiana, May 12, 2023.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. No. 10.
[17] R. Doc. No. 13.
[18] R. Doc. Nos. 15, 21.
[19] R. Doc. No. 41.