UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KACIE M. BREEN** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-3962** |
| **AARON KNAPP, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to dismiss by defendant Louisiana First Circuit Court of Appeals ("First Circuit"). Plaintiff Kacie Breen ("Breen") opposes the motion.[2] For the reasons below, the Court grants the motion.

## I. FACTUAL BACKGROUND

The Court previously set forth the factual background giving rise to this matter in its order and reasons[3] denying Breen's motion for a temporary restraining order ("TRO"). In short, Breen asks this Court to enjoin ongoing proceedings in Louisiana state court because, she alleges, those proceedings involve re-litigation of an issue previously decided in a federal case in this district.[4] Specifically, she alleges that a state-court concursus action to determine who is entitled to the pension funds of her late husband and a wrongful death case related to her husband's death, both of which

---

[1] R. Doc. No. 43.
[2] R. Doc. No. 44.
[3] R. Doc. No. 22.
[4] *See* R. Doc. No. 22, at 1–3 (this Court's order and reasons denying Breen's motion for a TRO, discussing the prior federal litigation in E.D. La. Case Nos. 15-3250 and 15-6946, in which the district court determined that Breen's husband's children had not carried their burden to show that "Breen participated in the intentional, unjustified killing of" her husband).

are currently pending before First Circuit, attempt to relitigate the issue of whether she unjustifiably killed her husband in 2015.

## II.   LAW & ANALYSIS

First Circuit first argues that Breen's claims against it must be dismissed because it lacks the capacity to be sued.[5] Federal Rule of Civil Procedure 17(b)(3) provides that, for parties other than individuals or corporations, capacity to sue or be sued is determined "by the law of the state where the court is located." Accordingly, to determine whether First Circuit is an entity capable of being sued, the Court turns to Louisiana law.

Pursuant to Louisiana law, "[a]n entity must qualify as a juridical person to have the capacity to be sued." *Dejoie v. Medley*, 945 So.2d 968, 972 (Ct. App. La. 2006) (citing *Dugas v. City of Breaux Bridge Police Dep't.*, 757 So.2d 741 (Ct. App. La. 2000), *writ denied*, 760 So.2d 1159 (La. 2000). [A] governmental entity is an independent juridical entity when 'the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.'" *Edmiston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 407 (5th Cir. 2019) (quoting *Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994)). To determine whether a given entity is capable of being sued, courts consider "whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue" and what the entity is legally empowered to

---

[5] R. Doc. No. 43-1, at 4.

do "independently and not just as the agency or division of another governmental entity." *Roberts*, 634 So. 2d at 346–47.

Courts have overwhelmingly determined that Louisiana courts—including intermediate appellate courts such as First Circuit—are not juridical entities capable of being sued. *E.g.*, *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) (Berrigan, J.) ("District courts within the Eastern District of Louisiana have consistently held that Louisiana state courts are not juridical persons capable of being sued."); *Ormond v. Louisiana*, No. 09-7202, 2009 WL 6419040, at *1 (E.D. La. Dec. 22, 2009) (Chasez, M.J.), *report and recommendation adopted*, 2010 WL 1837913 (E.D. La. May 5, 2010) (Vance, J.) ("[T]he Louisiana state courts are not suable juridical entities."); *Moore v. Fourth Dist. Ct. Morehouse Par.*, No. 12-364, 2012 WL 1391652, at *3 (W.D. La. Mar. 9, 2012), *report and recommendation adopted*, 2012 WL 1391638 (W.D. La. Apr. 20, 2012), *aff'd*, *Moore v. Yeldell*, 537 F. App'x 412 (5th Cir. 2013) (concluding that "the Louisiana Court of Appeal for the Second Circuit and the Fourth Judicial District Court for the Parish of Morehouse are not proper defendants" because they are not juridical persons under Louisiana law).

In opposition, Breen cites cases in which federal courts enjoined state court proceedings pursuant to the re-litigation exception to the Anti-Injunction Act. *City of Alexandria v. Davidson*, No. 14-723, 2014 WL 2891438 (W.D. La. June 25, 2014); *Prime Ins. Syndicate, Inc. v. Orleans Limousines & Transp., Inc.*, No. 07-604, 2007

WL 914177 (E.D. La. March 23, 2007) (Feldman, J.)[6]; *Bordelon v. Jefferson Feed & Garden Supply, Inc.*, 703 F. Supp. 25 (E.D. La. Nov. 9, 1988) (Mentz, J.). None of these cases, however, specifically hold that those state courts were suable entities. Indeed, there is no indication that the court defendants in those cases raised the defense of lacking capacity to be sued, as the cases do not even mention the issue.

The fact that a handful of federal courts have previously enjoined Louisiana state courts without discussion of the state courts' procedural capacity to be sued cannot overcome the overwhelming consensus that Louisiana courts are not juridical entities. Moreover, the fact that defendants in prior cases apparently did not raise this defense does not prevent First Circuit from doing so now. As First Circuit points out, intermediate appellate courts are not autonomous or self-governing, and therefore lack "the legal capacity to function independently and not just as the agency or division of another governmental entity." *Edmiston*, 931 F.3d at 407 (quotation and citation omitted); *see also* La. R.S. §§ 13:312(A), 13:312.1(A) (creating the Louisiana courts of appeal, delineating their geographical jurisdictions, establishing the number of judges assigned to each, but not granting the individual circuits any particular authority). The Court therefore concludes that First Circuit lacks the procedural capacity to be sued, and its motion is granted on that basis.[7]

---

[6] As First Circuit points out, the *Prime* court enjoined a litigant, rather than the state court itself. *See Prime*, 2007 WL 614177, *6.

[7] Because the Court so concludes, it does not reach First Circuit's arguments with respect to 11th Amendment immunity, *Younger* abstention, or failure to state a claim.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that First Circuit's motion is **GRANTED** and Breen's claims against it are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, July 17, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**