**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KACIE M. BREEN**                                                    **CIVIL ACTION**

**VERSUS**                                                             **No. 22-3962**

**AARON KNAPP, ET AL.**                                                **SECTION I**

## ORDER & REASONS

Before the Court is a motion[1] by plaintiff Kacie Breen ("Breen") for a temporary restraining order ("TRO"). Defendant Aaron Knapp ("Knapp") opposes[2] the motion. For the reasons below, the Court denies the motion.

## I.    FACTUAL BACKGROUND

The Court has previously set forth the factual background giving rise to this matter in its order and reasons[3] denying Breen's first motion for a TRO. In 2015, Breen shot and killed her husband, Wayne Breen ("Wayne"). Knapp is one of Wayne's children. Two insurance companies which held policies on Wayne's life subsequently commenced interpleader actions in this District to determine to whom the insurance proceeds would be paid; the two actions were thereafter consolidated.[4] Both Breen and certain of Wayne's children sought to obtain the insurance proceeds in those

---

[1] R. Doc. No. 66.
[2] R. Doc. No. 81.
[3] R. Doc. No. 22.
[4] *Pruco Life Insurance Co. v. Breen*, E.D. La. Case No. 15-3250 c/w 15-6946 (Engelhardt, J.).

proceedings. Before trial, Knapp sought leave to intervene in the case, but his motion was denied as untimely.

After a trial, the federal court concluded that Wayne's children had not carried their burden to show that Breen participated in the intentional, unjustified killing of Wayne, and therefore found that Breen, as the named insured, was entitled to the proceeds. *Pruco Life Ins. Co. v. Breen*, 289 F. Supp. 3d 777, 779 (E.D. La. 2017) (Engelhardt, J.). The Fifth Circuit affirmed. *Pruco Life Ins. Co. v. Breen*, 734 F. App'x 302 (5th Cir. 2018).

In 2015, the two state cases that Breen now seeks to enjoin were filed. In the first, Knapp and Sean Breen[5] (another of Wayne's children and Knapp's half-sibling) sued Breen for the alleged wrongful death of their father. The state trial court determined that lawsuit was barred by res judicata based on the federal court's decision in the interpleader matter, and it dismissed the case. The second lawsuit is a concursus action to determine who is entitled to Wayne's pension funds; Knapp has asserted claims in that matter. The state trial court in that case likewise determined that the lawsuit was barred by res judicata based on from the federal court's *Pruco* decision, and it granted summary judgment to Breen.

Knapp appealed both rulings. In October of 2022, Breen filed the instant lawsuit seeking to have the state court proceedings enjoined.[6] After briefing by Breen

---

[5] Sean Breen was originally named as a party to this action, but plaintiff's claims against him were voluntarily dismissed without prejudice. R. Doc. No. 27.
[6] R. Doc. Nos. 1 and 4.

and Knapp, the Court denied Breen's motion for a TRO, finding Breen had not carried

her burden to show entitlement to such relief.[7]

Breen took no further action in this matter until the case was placed on the

Court's February 28, 2023 call docket to determine why no evidence of service had

been placed in the record.[8] Breen thereafter placed evidence of service in the record

as to Knapp and the Louisiana First Circuit Court of Appeal ("First Circuit"). The

Court subsequently denied Knapp's motion to dismiss for lack of proper service,

finding that defense had been waived,[9] and granted First Circuit's motion to dismiss

for failure to state a claim, finding that the state court was not an entity capable of

being sued.[10]

In July of 2023, the Louisiana appellate court issued its *en banc* decisions in

both the wrongful death case and the concursus action. In the wrongful death case,

the appellate court agreed with the trial court that res judicata arising from the *Pruco*

judgment barred Sean Breen's claims and affirmed the trial court's dismissal of the

case in that respect.[11] However, it found that the record was "insufficient to establish

[that] the relationship between [Knapp] and the adult Breen children was sufficiently

close to permit the preclusive effect of the interpleader judgment being applied to

[Knapp], who was not a party to the interpleader action and had no control over the

---

[7] R. Doc. No. 22, at 16.

[8] R. Doc. No. 23.

[9] R. Doc. No. 48.

[10] R. Doc. No. 68. During this time, this matter was transferred to a newly appointed judge, but was transferred back to the undersigned after that judge recused himself. R. Doc. Nos. 54, 61.

[11] R. Doc. No. 66-2, at 8.

prior federal litigation."[12] It therefore reversed the trial court's dismissal of Knapp's claims and remanded the case for resolution of that issue.[13]

In the concursus action, the appellate court similarly found that Breen had not introduced sufficient evidence to establish that Knapp's interests were sufficiently represented in the federal case such that application of res judicata to him was warranted.[14] This conclusion was based, in part, on Breen's failure to provide the federal judgment in the *Pruco* case to the state court in connection with her motion for summary judgment.[15] The court concluded that "there are genuine issues of material fact as to whether [Knapp's] interests were adequately represented [in the federal case]" and therefore reversed the grant of Breen's motion summary judgment as to Knapp's claims and remanded the case.

## II.    LEGAL STANDARD

When a party seeks an injunction against a state court proceeding, the Anti-Injunction Act, 28 U.S.C. § 2283, may bar that relief. "Section 2283 applies to restraints on private parties as well as to those imposed directly on a state court." *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291, 300 (5th Cir. 1979) (citations omitted).

---

[12] *Id.* at 9.

[13] *Id.* at 10. One judge concurred "based on the exceptional facts of [the] case," noting that Knapp's half siblings "were not allowed to present their expert testimony" due to untimely disclosure. *Id.* at 14. One judge dissented, writing that Knapp's "interest was adequately represented by his half-siblings and the administratrix in the federal interpleader action and therefore, he is in privity with those named parties[.]" *Id.* at 17.

[14] R. Doc. No. 66-3, at 19–20.

[15] *Id.* at 16, 18.

4

Pursuant to the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a [s]tate court" unless one of the three following preconditions is satisfied: the injunction (1) is expressly authorized by Congress, (2) is necessary in aid of the federal court's jurisdiction, or (3) is necessary to protect or effectuate the federal court's judgments. 28 U.S.C. § 2283; *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719, 724 (E.D. La. 2012) (Fallon, J.) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)). These exceptions "are to be interpreted narrowly" and "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed[.]" *La. Health Serv. & Indem. Co. v. Ctr. for Restorative Breast Surgery, LLC*, No. 17-4171, 2017 WL 2256765, at *2 (E.D. La. May 23, 2017) (Morgan, J.) (cleaned up) (citations omitted).

Only the third exception to the Anti-Injunction Act is at issue here. This exception, often called the "relitigation exception," "'authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court.'" *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d at 724 (quoting *Smith*, 564 U.S. at 307). The Fifth Circuit has instructed that four requirements must be satisfied in order for the relitigation exception to apply:

> (1) parties in the later action must be identical to or in privity with the parties in the previous action; (2) judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits.

*IDs Prop. Cas. Ins. Co. v. Meeks*, 537 F. App'x 513, 517 (5th Cir. 2013) (quoting *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009)).

In *Parsons Steel, Inc. v. First Alabama Bank*, "[t]he Supreme Court [ ] established, however, that the Full Faith and Credit Act, 28 U.S.C. § 1738, which requires federal courts to give state judicial proceedings the same full faith and credit they would have in that state, trumps the relitigation exception where a state court has finally determined the res judicata effect of a federal court's order." *Raj v. Tomasetti*, No. 03-1993, 2008 WL 2718905, at *3 (E.D. La. July 11, 2008) (Vance, J.) (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 524–25 (1986)). Accordingly, before entering an injunction pursuant to the relitigation exception, the court must "assess whether a state court has issued a final decision that operates to bar re-assessment of the preclusive effect of a prior federal action." *Regions Bank of La. v. Rivet*, 224 F.3d 483, 493 (5th Cir. 2000). In this assessment, the court "look[s] to state law" to determine whether any judgments issued by the state courts are final judgments that bar reconsideration of the res judicata issue. *Id.*

Even if the relitigation exception applies, the issuance of an injunction against a state court proceeding is "at the discretion of the federal court" and that discretion must be "exercised in the light of the historical reluctance of federal courts to interfere with state judicial proceedings." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407–08 (5th Cir. 2008) (internal quotations and citation omitted). "'[A] complainant must make a strong and unequivocal showing of relitigation of the same issue in order to overcome the federal courts' proper disinclination to intermeddle in

state court proceedings.'" *Id.* (quoting *Southern Cal. Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir. 1960)).

## III.   ANALYSIS

### a. *Parsons Steel*

Neither party asserts that *Parsons Steel* bars the relief requested. The Court looks to Louisiana law to "assess whether a state court has issued a final decision that operates to bar re-assessment of the preclusive effect of a prior federal action." *Regions Bank of La.*, 224 F.3d at 493. As Breen sets forth in her memorandum, Louisiana law provides that the judgment of an intermediate appellate court becomes final only if "neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed." La. Code Civ. Proc. art. 2166(A). If the petition for rehearing is denied, "the judgment becomes final and definitive unless an application for writ of certiorari to the supreme court is filed within thirty days of the transmission of the notice of a denial of rehearing." *Id.* art. 2166(C). Breen indicates that she plans to file a petition for rehearing of the appellate court's decisions, and neither party indicates that such petitions have been denied.[16] Accordingly, the Court concludes that *Parsons Steel* does not bar Breen's request.

### b. Relitigation Exception Prerequisites

As stated, there are four prerequisites that must be satisfied in order for the relitigation exception to apply. *IDs Prop. Cas. Ins. Co.*, 537 F. App'x at 517. The only prerequisite that the parties disagree on in briefing the instant motion is that of

---

[16] R. Doc. No. 66-1, at 17.

privity. Parties are in privity where "the relationship between the one who is a party on the record and the non-party is sufficiently close" to justify application of the principle of preclusion, *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 677 (5th Cir. 2003), and where "the party [to the first proceeding] adequately represented [the party to the second proceeding's] interest in the prior proceeding." *Liberty Mut. Ins. Co. v. Gunderson*, 305 F. App'x 170, 176 (5th Cir. 2008).

To find that a person's interest was adequately represented in a prior proceeding to which they were not a party, there must be "more than a showing of parallel interests." *Prime Ins. Syndicate, Inc. v. Orleans Limousines and Transp.*, No. 07-604, 2007 WL 914177, at *5 (E.D. La. Mar. 23, 2007) (Feldman, J.). Rather, there must be "'an express or implied legal relationship in which the parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues.'" *Id.* (quoting *Pollard v. Cockrell*, 578 F.2d 1002, 1009 (5th Cir. 1978)). Where an "identical [factual] issue . . . is inextricably intertwined in both the federal and state lawsuits," privity may be satisfied. *Id.* However, "[p]rivity is not established by the mere fact that persons may be interested in the same question or in proving the same set of facts." *Clyce v. Farley*, 836 F. App'x 262, 269 (5th Cir. 2020) (citations omitted).

In its order and reasons on Breen's first motion for a TRO, the Court indicated that all four prerequisites were satisfied, but nevertheless denied the TRO on the grounds that Breen failed to establish entitlement to injunctive relief.[17] The Court's

---

[17] R. Doc. No. 22. The denial of Breen's first motion for a TRO is not a final order. *Kennedy v. Potter*, 344 F. App'x 987, 988 (5th Cir. 2009). Accordingly, contrary to

conclusion as to privity was based, in part, on the U.S. Magistrate Judge's statement, in the order and reasons denying Knapp's motion to intervene in the interpleader litigation, that Knapp's half-siblings would "adequately represent [his] interest."[18] This Court found that Knapp had "not articulated to [the] Court[ ] how his interest in the interpleader litigation differed from that of his half-siblings" and concluded that Knapp appeared to be privity with those half-siblings.[19]

In briefing the instant motion, Knapp urges the Court to reconsider its prior conclusion as to privity and provides additional argument in support of his position that he was not in privity with his half-siblings in the federal interpleader litigation.[20] Specifically, he clarifies that, unlike his half-siblings, he was not named as an heir in Wayne Breen's will and thus was "not included in the [e]state or [s]uccession [of Wayne Breen]—which turned out to be the alternate beneficiary of the Pruco funds."[21] Though the will was challenged in underlying succession proceedings, it was upheld, leaving Knapp with no interest in the funds at issue in *Pruco*.[22] Accordingly, Knapp argues that he "simply had no interest in" the interpleader action, and therefore that he was not in privity with his half-siblings in that action.[23]

---

Breen's assertion, the Louisiana appellate court's rulings are not "precluded" by this Court's previous order. R. Doc. No. 66-1, at 9.

[18] *Id.* at 10.

[19] *Id.*

[20] R. Doc. No. 81, at 15.

[21] *Id.* at 16.

[22] *Id.* at 17.

[23] *Id.* at 17–18.

This information, which was not presented to the Court in connection with the previous motion, indicates that Knapp's interest in the federal interpleader litigation was more tenuous than previously indicated. It remains true, however, that whether Breen's killing of her husband was justified was at issue in both the federal interpleader litigation and the state court actions. In some cases, such similarity of issues has been found to justify application of the relitigation exception. *See Prime Ins. Syndicate, Inc.*, 2007 WL 914177, at *5 (noting that "when an issue is singular to the outcome of a central issue in the federal and (later) state courts, [ ] application [of the virtual representation doctrine] is appropriate and rational," and enjoining state court proceedings instituted by a nonparty to the original federal lawsuit).

As stated, the Court also recognizes that in order for a nonparty to be bound by a judgment, "more than a showing of parallel interests" is required. *Id.*; *Clyce*, 836 F. App'x at 269. Based on the information provided, the Court has some doubts as to whether Knapp is appropriately considered to be in privity with his half-siblings who litigated in the *Pruco* action. Such doubts are properly resolved against the party seeking an injunction. *La. Health Serv. & Indem. Co.*, 2017 WL 2256765, at *2. Accordingly, the Court finds that Knapp should not be considered to be in privity with the litigants in the *Pruco* case for the purposes of the relitigation exception.[24]

---

[24] Knapp asserts that the relitigation exception is limited to circumstances "where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction" or "where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case." R. Doc. No. 81, at 11 (citing *Brennan's, Inc. v. Brennan*, 629 F. Supp. 2d 634, 640 (S.D. Miss. 2009)). However, the portion of the case Knapp cites for this proposition was

### c.  Injunctive Relief Factors

Though the determination that Knapp was not in privity with the *Pruco* litigants itself bars Breen's requested relief, the Court also considers the injunctive relief factors.

In general, a party seeking a temporary restraining order ("TRO") must show: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *Prime Ins. Syndicate, Inc.*, 2007 WL 914177, at *2. However, in the context of the relitigation exception, "demonstrating that the state litigation concerns an issue actually decided by the federal courts is sufficient to demonstrate both the harm of continuing the state litigation and the lack of an adequate remedy at law." *Ballenger v. Mobil Oil Corp.*, 138 F. App'x 615, 622 (5th Cir. 2005).[25]

As to the remaining injunctive relief factors,[26] Breen argues that "[t]here is no discernible countervailing harm to befall [ ] Knapp . . . from the granting of this

---

discussing the "in aid of jurisdiction" exception to the Anti-Injunction Act, not the relitigation exception. *See id.* at 641–42.

[25] In his opposition, Knapp cites cases requiring plaintiffs to show that they lacked an adequate remedy of law in order to establish entitlement to an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651. R. Doc. No. 81, at 8. However, Breen has not sought an injunction pursuant to that statute.

[26] The Court does not address Breen's likelihood of success on the merits because it has concluded that Knapp should not be considered to be in privity with the *Pruco* litigants, which in and of itself bars relief under the Anti-Injunction Act.

injunction."[27] Breen provides no support for this assertion. Knapp responds that an injunction would harm him because "his claims [in the state court cases] would never be heard."[28] The Court agrees with Knapp that an injunction preventing him from pursuing his claims would cause him harm, and Breen has provided no real argument as to why such harm is outweighed.

Breen also argues that "the injunctive relief requested here abjectly serves the public interest by reinforcing the dominance of the federal court's judgment over factually and legally mistaken state court rulings[.]"[29] Knapp responds that the public interest in litigants' access to courts and in the ability of state courts to function without interference weighs against granting the injunction.[30]

The Court's order and reasons denying Breen's first motion for a TRO was grounded largely in federalism concerns and a resulting hesitancy to intervene in state court proceedings. As the Court previously explained, "the fact that an injunction *may* issue under the Anti–Injunction Act does not mean that it *must* issue." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988). Indeed, "the mere fact that [a] case falls within one of § 2283's exceptions does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 869 (7th Cir. 2000) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243, (1972)); *accord*

---

[27] R. Doc. No. 66-1, at 22.
[28] R. Doc. No. 81, at 12.
[29] R. Doc. No. 66-1, at 22.
[30] R. Doc. No. 81, at 13.

*Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1308 (9th Cir. 2022) (holding that, "[e]ven if the district court could have enjoined" the state court action, it was not an abuse of discretion to decline to do so when "the district court carefully grounded its decision on respect for the state court"); *Kay Co. LLC v. Equitable Prod. Co.*, 27 F.4th 252, 262 (4th Cir. 2022) ("In short, the Anti-Injunction Act gives courts discretion to refrain from enforcing its exceptions because of the strength of the Act's general prohibition. . . . The district court . . . was entitled to exercise this discretion." (citations omitted)); *IDs Prop. Cas. Ins. Co.*, 537 F. App'x at 517 ("Assuming, *arguendo*, that this case falls squarely within the parameters of the relitigation exception, we cannot conclude, for that reason alone, that the court abused its discretion.").

In this matter, as the Court previously noted, Breen litigated in the state court for years without seeking a federal injunction.[31] She appears to have turned to the federal court only when it appeared that the state litigation would not resolve in her favor. Other courts have been critical of such tactics. *See, e.g.*, *Ramsden*, 214 F.3d at 871 (finding that a district court abused its discretion in granting an injunction where the party seeking it was "[u]nhappy with the state court's handling of the res judicata defense and [ ] went to federal court for another look at the issue"); *Sandpiper Village Condo. Ass'n, Inc. v. La-Pac. Corp.*, 428 F.3d 831, 851 n.29 (9th Cir. 2005) ("At some

---

[31] *See* R. Doc. No. 22, at 16 (discussing the facts that the state court litigation has been pending since 2015, that the Fifth Circuit affirmed *Pruco* in 2018, and that Breen first sought federal intervention days before the Louisiana appellate courts were to hold oral argument).

point, federal courts must accept that a state court action has progressed too far to warrant intervention, even if a technical prerequisite to final judgment [in the state court matter] remains.").

Additionally, as Knapp points out, and as the Court noted in its prior order and reasons, the state court litigation does not involve the life insurance funds that were contested in federal court, and any judgments in those cases will not interfere with the federal court's determination that Breen was entitled to the life insurance payments.[32] This fact further weighs against granting an injunction.

Breen may seek further review of the state court cases through a writ of certiorari to the Louisiana Supreme Court and, eventually, the U.S. Supreme Court. Cognizant of the "historical reluctance of federal courts to interfere with state judicial proceedings," *Blanchard 1986, Ltd.*, 553 F.3d at 407–08, the Court finds that Breen's requested TRO violates principles of comity and federalism and would decline to issue the TRO even if all the prerequisites of the Anti-Injunction Act were satisfied.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for a temporary restraining order is **DENIED**.

New Orleans, Louisiana, July 28, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[32] *Id.*